UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATHALIE JOHANA CONTERAS, individually and on behalf of others similarly situated,<br><br>          Plaintiff,<br><br>   -against-<br><br><br>KARIZMA LOUNGE CORP. and MOHAMMED BASHIR,<br><br>        Defendants. | Case No.:<br><br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

Plaintiff NATHALIE JOHANA CONTERAS ("Plaintiff" or "Plaintiff Conteras") individually and on behalf of other similarly situated employees by and through her attorneys, FISHER TAUBENFELD LLP, allege against Defendants KARIZMA LOUNGE CORP., ("Karizma" or the "Corporate Defendant"), and MOHAMMED BASHIR ("Defendant Bashir"), (the Corporate Defendant and Defendant Bashir are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3.      Plaintiff is a resident of New York State, who was employed by Defendants from July 21, 2016, until July 28, 2018.

4.      Plaintiff was at all times hereto a "person" within the meaning of the City Law, protected from discrimination on the basis of sex and gender.

5.      Upon information and belief, the Corporate Defendant is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 244 East 51st Street, New York, NY 10022.

6.      Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

7.      Plaintiff worked with tools and materials that travelled through interstate commerce.

8.      Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

9.      Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

10.      At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

11.      Upon information and belief, Defendants Bashir resides in the State of New York and is an owner, manager, and/or employee of the Corporate Defendant.

12.     Upon information and belief, the Corporate Defendant is the owner of Karizma Lounge Corp. ("Lounge"), which is engaged in the business of serving food, and drinks to customers in a hookah lounge environment located at 244 East 51st Street, New York, NY 10022.

13.     The Lounge is a hookah-themed lounge.  Defendants employ waitresses, a cook, hookah attendees, and other employees in both the front and back of the house all of whom, upon information and belief, are paid less than required under federal and New York State law for their work each day.

14.     Upon information and belief, Defendant Bashir is a principal and officer of Karizma.

15.     Defendant Bashir possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay, and maintain payroll records.

16.     Defendant Bashir approves the payroll practices for Karizma's employees, including Plaintiff.

17.     Defendant Bashir possesses operational control over Karizma and its employees through his financial control over Karizma.

18.     Plaintiff has been employed by Defendants to work as a waitress within the last six (6) years.

19.     Defendant Bashir is engaged in business in the County of Queens. He is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

20. Defendant Bashir exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

21. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

22. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of herself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.* on behalf of herself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed:

i. Defendants' failure to compensate Plaintiff for all hours worked at the statutory minimum wage as required by federal and state law and regulations;

ii. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff who worked in excess of forty (40) hours per week;

iii. Defendants' misappropriation of Plaintiff's tips under NYLL § 196-d;

iv. Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6; and

v. Defendants' failure to provide Plaintiff with a wage notice and pay stubs as required by NYLL § 195.

23.     Plaintiff also brings a claim to challenge Defendants' practice of gender discrimination against Plaintiff in terms, conditions and privileges of Plaintiff's employment in violation of the Administrative Code of the City of New York, § 8-101 *et seq.* ("City Law").

24.     During all relevant times, Defendants employed at least four (4) people and constituted an employer within the definition of the City Law.

25.     Pursuant to § 8-502(c) of the City Law, within ten days of filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint to the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

26.     Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

<u>**FACT ALLEGATIONS**</u>

I.     <u>**Defendants' Wage and Hour Violations.**</u>

27.     At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

28.     Defendants have maintained a policy and practice to not pay Plaintiff and other similarly situated employees in accordance with federal and New York State minimum wage laws.

29.     Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff and other similarly situated employees who worked in excess of forty (40) hours per week.

30.     Defendants have maintained a policy and practice of failing to pay their employees properly.

31.     Defendants have maintained a policy and practice of failing to provide Plaintiff and other similarly situated employees with wage notices and paystubs.

32.     Defendants have maintained a policy and practice to misappropriate Plaintiff and other similarly situated employees' tips.

33.     Defendants have maintained a policy and practice to fail to pay to Plaintiff spread-of-hours payments.

A. **Plaintiff's Schedule and Pay.**

34.     Plaintiff worked for Defendants as a waitress from approximately July 21, 2016, until she resigned on July 28, 2018.

35.     From the beginning of Plaintiff's employment until July 28, 2018, Plaintiff generally worked four (4) days a week.

36.     Defendants failed to compensate Plaintiff for hours worked while training for her position as a waitress.

37.     Plaintiff trained for one (1) day from 6:00 p.m. to 12:00 a.m.

38.     After completing the training, Plaintiff's schedule generally was from 5:00 p.m. to 4:00 a.m. on Wednesdays and Thursdays, and from 4:00 p.m. to 4:00 a.m. on Fridays and Saturdays, although she regularly finished work approximately 15 minutes after her shift.

39.     From July 2016 to July 2017, Plaintiff regularly started work approximately 10 minutes before her shift.

40.     Around December 2017, Plaintiff began bartending on Fridays and Saturdays from 4:00 p.m. to 4:00 a.m., although she regularly worked until approximately 5:00 a.m.

41.     During the month of July in 2017 and 2018, Plaintiff worked from 3:00 p.m. to 4:30 a.m. or 4:45 a.m. for four (4) days while the manager took his yearly vacation.

42.     Every St. Patrick's Day (March 17th), Defendants required Plaintiff to work from 11:00 a.m. to 2:00 a.m.

43.     As a result, throughout her employment, Plaintiff regularly worked more than 40 hours a week.

44.     Defendants' compensated Plaintiff $25.00 in cash for each day worked.

45.     Defendants failed to pay Plaintiff a minimum wage for all hours worked. Instead, Plaintiff's main source of compensation came from tips.

46.     In addition, Defendants did not pay Plaintiff any extra monies for her overtime hours.

## B.  Additional Wage Violations Affecting Plaintiff.

### 1.  Notice and Recordkeeping Violations.

47.     Defendants failed to provide Plaintiff with a wage notice or paystubs in compliance with NYLL § 195.

48.     Defendants did not provide Plaintiff with a notice specifying her rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular payday.

49.     Defendants also did not provide Plaintiff with a proper paystub specifying her hourly rate of pay, the regular and overtime hours she worked, or all the other information required under NYLL § 195.

50.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 2. Defendants' Unlawful Misappropriation of Plaintiff's Tips.

51.     Defendants misappropriated Plaintiff's tips and unlawfully misused the service charge it charged to customers.

52.     Defendants charged a mandatory service charge of 18% to customers but neglected to inform the customers that the service charge was an administrative fee and in lieu of tips.

53.     Defendants retained the service charge and did not provide it to the employees.

54.     Defendants also deducted 32% from Plaintiff's tips, which it then supposedly used to compensate the kitchen workers and hookah attendees.

55.     Accordingly, Defendants violated the New York Labor Law by misappropriating Plaintiff's tips.

### 3. Defendants' Failure to Pay Spread-of-Hours Payments.

56.     Defendants failed to pay Plaintiff spread-of-hours payments.

57.     Defendants did not pay Plaintiff for an extra hour of work at the minimum wage when Plaintiff worked more than 10 hours in a day.

**II.     Defendants' Gender Discrimination.**

58.     Defendants treated Plaintiff and other female employees worse than similarly situated male employees.

59.     Defendants directed Plaintiff and other female employees to work longer hours, carry dishes, and clean at the end of the night.

60.     Male employees were largely exempt from these duties.

61.     In addition, unlike male employees, Defendants did not permit female employees, including Plaintiff to take regular breaks and required them to perform extensive physical labor.

62.     Indeed, as a result of Defendants inequitable distribution of physical work, one woman fainted after the manager, Tamer, did not let her go home or reduce her workload when she was feeling ill.

63.     In addition, Tamer, Defendant Bashir, and Defendant Bashir's son Adam Bashir, frequently called the women "stupid bitch" in both English and Arabic.

64.     Adam Bashir created a hostile work environment for the women by constantly belittling and bullying them if they made a mistake at work.

65.     Adam Bashir did not create a hostile work environment for male employees when they made mistakes.

66.     Therefore, Defendants' discriminated against Plaintiff by treated Plaintiff and other female employees worse than similarly situated male employees.

### III.     Collective Action Allegations.

67.     Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

68.     Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants under 29 U.S.C. § 216(b).

69.     Upon information and belief, there are at least 40 waitresses, cooks, hookah attendees and other employees in both the front and back of the house performing similar duties who have been denied minimum wage and overtime compensation while working for Defendants.

70.     At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wages and overtime compensation for hours worked in excess of forty (40) per workweek.  Plaintiff's claims stated herein are similar to those of other employees.

71.     Similarly situated former and current employees are readily identifiable and locatable through Defendants' records.  These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III.     Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

72.     Plaintiff brings this action collectively on behalf of herself and other similarly situated employees who did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants as waitress, cooks, hookah attendees, and other employees in both the front and back of the house on or after the date that is six (6) years before the filing of the instant Complaint.

73.     Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

74.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

75.     The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

76.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that her interests are not adverse to the interests of other members of the class.

77.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

78.     Plaintiff brings the third through seventh claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

## FIRST CLAIM FOR RELIEF
### (Minimum Wage Violations under the FLSA against all Defendants)

79.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80.     Defendants have knowingly and willfully engaged in a policy, pattern, or practice of violating the FLSA, as detailed in this Complaint.

81.     Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff and others similarly situated the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

82.     Plaintiff seeks damages in the amount of her respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees, and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Overtime Wage Violations under the FLSA against all Defendants)**

83.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

84.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

85.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

86.     Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees, and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(Minimum Wage Violations under NYLL against all Defendants)**

87.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants knowingly and willfully paid the Plaintiff and others similarly situated less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

89.     Defendants' failure to pay the Plaintiff and others similarly situated minimum wage has been willful within the meaning of the NYLL § 663.

90.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL against all Defendants)

91.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

92.     New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

93.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

94.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Notify against all Defendants)

95.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

96.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

97.     Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

98.     Defendants failed to provide Plaintiff and other similarly situated employees with a notice or paystub in accordance with §195 of the NYLL.

99.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (Unlawful Misappropriation of Tips under the NYLL against all Defendants)

100.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

101.    NYLL § 196-d makes it illegal for an employer to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

102.    On a nightly basis, Defendants retained a portion of the tips that Plaintiff and other similarly situated employees received from Defendants' patrons.

103.    As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek recovery of their tips in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (Unpaid Spread-of-Hours under the NYLL against all Defendants)

104.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

105.    Pursuant to 12 NYCRR 146-1.6, Defendants had an obligation to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage for each day he worked more than 10 hours.

106.    Although Plaintiff regularly worked more than 10 hours in a day, Defendants failed to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage.

107.    As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek recovery for spread-of-hours pay in an amount to be determined at trial, attorneys' fees, costs,

liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF
### (City Law Gender Discrimination Against all Defendants)

108.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

109.   By the acts and practices described above, Defendants created a hostile environment constituting sexual harassment and gender discrimination in violation of the City Law.

110.   Defendant Bashir is individually liable as he has an ownership interest in the Company and has maintained the authority to personally implement personnel decisions such as hiring, firing, and setting compensation of employees, and as such, is an employer within the definition of the City Law.

111.   Moreover, Defendant Bashir is an "employee or agent" of the Company within the definition of § 8-107 (1) (a) of the City Law.

112.   Defendants knew that their actions constituted sexual harassment and/or willfully disregarded Plaintiff's statutorily protected rights.

113.   Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' unlawful discrimination and harassment in violation of the City Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: July 6, 2020
         New York, New York

                                    Respectfully submitted,


                                    _____
                                    Michael Taubenfeld
                                    FISHER TAUBENFELD LLP
                                    225 Broadway, Suite 1700
                                    New York, New York 10007
                                    Phone: (212) 571-0700
                                    Facsimile: (212) 505-2001
                                    *ATTORNEYS FOR PLAINTIFF*