**F I S H E R  |  T A U B E N F E L D  LLP**

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 571-0700 ex. 102
Writer's email: michael@fishertaubenfeld.com

April 8, 2022

**VIA ECF**
Hon. Edgardo Ramos
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re: Contreras v. Karizma Lounge Corp. et al.
      SDNY Doc. No. 20-cv-05167 (ER)

Dear Judge Ramos:

   We represent Plaintiff in this action.  The parties write to respectfully request that the Court approve their settlement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and so order the Stipulation of Dismissal that is attached as **Exhibit 1**.

    **1. Factual Background and Procedural History.**

   Plaintiff worked for Karizma Lounge Corp., a Hookah Bar in Manhattan, as a waitress from in or about July 21, 2016 until on or about July 28, 2018.  Plaintiff alleges that she generally worked 4 days a week for 11 or 12 hours a day.  She also claims that Defendants paid her $25 a day, failed to pay her overtime pay despite her working more than 40 hours in a week or spread-of-hours pay despite her working more than 10 hours in a day, and also failed to provide her with proper paperwork, specifically wage notices or proper paystubs.[1]

   Plaintiff also alleges that Defendants misappropriated Plaintiff's tips by requiring her to share tips with employees who were not tip-eligible such as kitchen workers and charging customers a service charge without clearly specifying that Karizma would retain the service charge.

---

[1] Plaintiff also asserted a hostile work environment claims under the New York City Human Rights Law based on her alleged mistreatment by managers on account of her sex and gender.  Defendants vigorously dispute this claim.

Plaintiff filed this case in July 2020.  The parties attempted to mediate last year, but the mediation was unsuccessful.  The parties then engaged in discovery and exchanged documents. Defendants' documents disputed some of Plaintiff's allegations, in particular that they improperly misappropriated her tips rather than engaging in a proper tip sharing arrangement or a proper service charge.  The records also disputed Plaintiff's hours and pay.

Plaintiff calculated a total of $63,477.50 for her unpaid minimum wage, overtime, and spread-of-hours damages, the same amount for liquidated damages, and $10,000 for NYLL §195 violations.

Most importantly, during settlement discussions, Defendants credibly advised Plaintiff that they suffered significant financial distress because of the repeated lengthy shutdowns in New York City.  Further, they advised that there was significant decrease in revenue because people were less inclined to visit a Hookah Bar during a pandemic.  To support these allegations, Defendants provided financial records showing reduced revenue and substantial debts.

The parties continued their negotiations and ultimately, the parties reached a settlement in principle and finalized it on March 25, 2022 (**Exhibit 2**).  Under the Agreement, Plaintiff is to receive $35,000 no later than 45 days after settlement approval, and in exchange Plaintiff agrees to release her FLSA and NYLL claims, as well as her gender discrimination claim she asserted in this case.  There are no nondisparagement or confidentiality clauses in the agreement.  Under the Agreement, of the $35,000, Plaintiff will receive $22,956.67, and my firm will receive $12,043.33 in attorneys' fees and costs, which represents one-third of the settlement after deducting $565.00 in costs.

## 2.  The Settlement is Proper Under Cheeks.

The Court should approve the settlement.  In determining whether to approve a settlement, courts often look at the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Guajardo v. Titan Constr. Servs. LLC, No. 19-CV-1551 (OTW), 2020 WL 1922642, at *2 (S.D.N.Y. Apr. 21, 2020).

The settlement is reasonable under these factors.  The settlement amount constitutes approximately 36% of Plaintiff's best-case unpaid minimum wage, overtime wage, and spread-of-hours payments under the FLSA and NYLL.   Given the significant the risks and burdens of this litigation, that amount is justified.  Notably, Defendants' records contradict some of Plaintiff's damages and they are therefore likely lower than her original allegations.  Further, crucially, Defendants have plausibly demonstrated that they will not be able to afford a significant award at

trial, and Plaintiff may ultimately receive nothing if she litigates to the end.  Therefore, Plaintiff benefits from receiving a large portion of her damages now without waiting potentially years to recover and taking the risk of recovering nothing at all.  Further, the parties negotiated in good faith and at arms-length for at least part of the process with the assistance of an experienced court-appointed mediator.

Notably, no extra factors support denying the settlement.  The release is limited to wage-and-hour claims, and there are no confidentiality or nondisparagement provisions.

Finally, the attorneys' fees and costs are reasonable.  Under the agreement, my firm will receive $11,478.33 in attorneys' fees, which represents one-third of the settlement after deducting $565.00 in costs.  The costs are comprised entirely of the filing fee and service costs. Courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. Guajardo, 2020 WL 1922642, at *3; Meza v. 317 Amsterdam Corp., No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015); Merino Leon v. Univ 45 Fruit & Vegetable Corp., No. 19-CV-8266 (RA), 2020 WL 1322580, at *2 (S.D.N.Y. Mar. 20, 2020); Carrion v. 381 North Ave. Auto Care Inc. et al, Case No. 19-CV-05901 (Magistrate-Judge Davison - October 29, 2019).

If the Court wishes to engage in a lodestar check, Plaintiff's attorneys' fees are $10,650.00.  Plaintiff is requesting a multiplier of 1.08, which is certainly reasonable because this case settled early before motion practice or significant discovery and the parties actively worked together to minimize costs.  Courts have recognized that reducing fees below the typical one-third because of early settlement has the "potential to create a disincentive to early settlement."  Hyun v. Ippudo USA Holdings, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016) (quoting McDaniel v. Cty. of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)).

I am the only attorney who worked on this case.  I am requesting an hourly rate of $500.  I am a partner at Fisher Taubenfeld LLP.  I was admitted to the Bar of the State of New York in 2008 and since then have practiced labor and employment law, with a strong focus on wage-and-hour law.  I have litigated as the primary attorney dozens of FLSA cases and have been designated class counsel in a FLSA case in this District in Gonzalez et al v. Allied Concrete Industries Inc. et al., EDNY Case No.: 2:14-cv-4771 (GRB)(SIL), where I recently won partial summary judgment in the hundreds of thousands of dollars for the class. I have also successfully won appeals in wage-and-hour matters before the Second Circuit and New York courts. Catzin v. Thank You & Good Luck Corp., 899 F.3d 77 (2d Cir. 2018); Hichez v. United Jewish Council of the E. Side, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020).  I am a member of the New York chapter of the National Employment Lawyers Association (NELA-NY) and have been invited to give CLEs on the FLSA.  I have also been named a "Rising Star" by Super Lawyers. Another court in this Circuit recently approved $500 an hour for a named partner in a FLSA case. Canales v. Norwich Serv. Station Inc., No. 20-CV-4759(JMW), 2021 WL 5759727, at *5 (E.D.N.Y. Dec. 3, 2021).

We are also requesting $100 an hour for Raquel Heras, a Spanish speaking paralegal.  Ms. Heras is a college graduate and had years of experience as our firm's current

paralegal.   Courts in this District have awarded $100 to paralegals.  Canales, 2021 WL 5759727, at *5 (approving $137.50 per hour for a paralegal).

The hours expended are appropriate as well.  Plaintiff's counsel spent the following hours litigating this case, which are reflected in the timesheets attached as **Exhibit 3:**

| Name | Regular Hours | Regular Hourly Rate | Total |
|------|---------------|---------------------|-------|
| Michael Taubenfeld | 20.2 | $500.00 | $10,100.00 |
| Raquel Heras | 5.5 | $100.00 | $550.00 |
| Total | | | $10,650.00 |

The work performed in this case included meeting with clients, drafting the complaint, attending an initial conference, undergoing settlement discovery, drafting damages calculations, attending the mediation, exchanging in document discovery, negotiating the settlement and drafting the settlement documents, and drafting the settlement approval documents. The fees are therefore appropriate.

The costs are appropriate as well.  Plaintiff's costs total $565.00 and include the $400 filing fee and $165 for service fees.  These costs are reasonable.

Accordingly, the Court should approve Plaintiff's attorneys' fees and costs.

Thank you for your attention to the above.

Respectfully Submitted,
--------------------/s/----------------
Michael Taubenfeld

Encl.

4

**EXHIBIT 1**

DocuSign Envelope ID: 1562B725-09A2-4E83-925E-F311D1BE1E11

# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHALIE JOHANA CONTERAS,
individually and on behalf of others similarly
situated,

                   Plaintiff,

         -against-

KARIZMA LOUNGE CORP., and
MOHAMMED BASHIR,

                   Defendants.

Case No.: 20-CV-5167 (ER)

**STIPULATION AND ORDER OF
DISMISSAL**

     **IT IS HEREBY STIPULATED** by and between Plaintiff and Defendants, that the above-captioned action is hereby dismissed with prejudice pursuant to a settlement agreement.

     **IT IS FURTHER STIPULATED AND AGREED** that the United State District Court for the Southern District of New York, shall retain jurisdiction for purposes of enforcing the parties' settlement agreement attached to the parties' settlement agreement dated March _25_, 2022.

     **IT IS FURTHER STIPULATED AND AGREED** that the Settlement Agreement submitted to the Court on March _25_, 2022 is fair and reasonable.

**FISHER TAUBENFELD LLP**

By: _Michael Taubenfeld_
    Michael Taubenfeld, Esq.
    225 Broadway, Suite 1700
    New York, New York 10007
    *Attorneys for Plaintiff*

**McLAUGHLIN & STERN, LLP**

By:
    Brett Gallaway, Esq.
    260 Madison Avenue
    New York, New York 10016
    *Attorneys for Defendants*

SO ORDERED:

_____
Hon. Edgardo Ramos, U.S.D.J.

7

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHALIE JOHANA CONTERAS,
individually and on behalf of others similarly
situated,

              Plaintiff,

    -against-

KARIZMA LOUNGE CORP., and
MOHAMMED BASHIR,

           Defendants.

Case No.: 20-CV-5167 (ER)

## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Full and Final Release of all Claims ("Agreement") is entered into as of this 25th of March 2022 by Plaintiff NATHALIE JOHANA CONTERAS and Defendants KARIZMA LOUNGE CORP. and MOHAMMED BASHIR (collectively, "Defendants") (Plaintiff and Defendants are the "Parties").

**WHEREAS** Plaintiff commenced the within action (the "Action") asserting claims arising from and related to her employment by Defendants;

**WHEREAS** Defendants deny the allegations and deny all liability;

**WHEREAS** the Parties are desirous of resolving the present litigation and dispute between them;

**WHEREAS,** it is expressly understood that Plaintiff and Defendants have entered into this Agreement solely for the purpose of avoiding further litigation and the cost of ongoing litigation;

1

**WHEREAS,** the Parties agree to submit this Agreement to the Court for its approval under <u>Cheeks v. Freeport Pancake House, Inc.,</u> 796 F.3d 199 (2d Cir. 2015).

**NOW THEREFORE**, in consideration of the undertakings contained in this Agreement, and for other good and valuable consideration, it is hereby stipulated and agreed to by the Parties as follows:

1. **<u>Payments</u>**:

   a. Defendants agree to pay $35,000 to Plaintiff and Fisher Taubenfeld LLP in full resolution of Plaintiff's claims ("Settlement Payment"). No later than 45 days after the Court approves the settlement and dismisses this Action, Defendants agree to make the Settlement Payment broken down as follows: to Plaintiff $22,956.67 and to Fisher Taubenfeld LLP $12,043.33.

   b. The payment to Plaintiff shall be issued via two checks of equal gross amounts in Plaintiff's name or direct deposit into her bank account. One check shall have withholdings and deductions taken and for which an IRS Form W-2 shall be issued. The other check shall not have withholdings and deductions taken and an IRS Form 1099 shall be issued. No payments shall be due to Plaintiff unless and until she provides Defendants with a valid social security number or taxpayer identification number. All checks shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

   c. All payments to Fisher Taubenfeld LLP shall be for attorneys' fees and costs, which shall be inclusive of all claims for attorneys' fees and expenses. These payments will be issued via check made out to Fisher Taubenfeld LLP or direct deposit into the firm's bank account and shall be sent to Michael Taubenfeld, Esq., Fisher

DocuSign Envelope ID: 1562B725-09A2-4E83-925E-F311D4B51E11

Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

d. All Defendants shall be jointly and severally liable for the payments required in this Paragraph.

e. Plaintiff agrees to indemnify and hold harmless Defendants for any tax consequences to Defendants resulting from her failure to pay her share of taxes arising from the Settlement Payment.

f. In the event that any of the Settlement Payments required hereunder are not timely made, Plaintiff's counsel may issue a written Notice of Breach and send same to Defendants' counsel in accordance with Paragraph 8 of this Agreement. Defendants shall thereafter have ten (10) calendar days to cure the breach by paying the past due Settlement Payment. If Defendants fail to cure the Breach within ten (10) calendar days of service of the Notice of Breach, they shall be in default, rendering Defendants jointly and severally liable for the sum of $42,500. Such liability shall be in lieu of all costs of collection, interest, to the extent that they have accrued prior to the entry of judgment, but Plaintiff will be entitled to recover any collection costs and attorneys' fees incurred in collecting on the judgment. After consultation with counsel, Defendants, and each of them, agree that this provision is not a penalty or forfeiture as a matter of New York State substantive contract law, and warrant that no such argument will be made under any circumstances in the future in opposition to any application for the entry of judgment or in support of any application to vacate any judgment.

**2. Release of Claims:**

Plaintiff waives all claims against Defendants and releases and forever discharges

Defendants to the fullest extent permitted by law from any and all liability for any claims, rights or damages of any kind, that Plaintiff may have against Defendants under the Fair Labor Standards Act and New York Labor Law, as well as any other claims asserted in the Action. This Agreement is not intended to, and does not, release rights or claims that arose or may arise after the date of the Agreement, including without limitation any rights or claims that Plaintiff may have to secure enforcement of the terms and conditions of this Agreement. Plaintiff further agree to dismiss with prejudice any pending civil lawsuit or arbitration covered by the Release of Claims.

**3.** <u>**Dismissal, No Future Lawsuits:**</u>

Plaintiff shall cause her attorney to execute a Stipulation of and Order of Dismissal, attached as **Exhibit 1**, dismissing the Action in its entirety, with prejudice. Plaintiff shall also submit this Agreement, along with any necessary, to obtain a finding from the Court that this Agreement is fair and reasonable.

**4.** <u>**Integration Clause:**</u>

This Agreement constitutes the entire and only understanding and agreement among Plaintiff and Defendants respecting the subject matter of this action. All prior or contemporaneous understandings, discussions, agreements, writings of any kind and/or representations, whether oral or written, are expressly superseded by this Agreement. No party hereto is relying on any representations made by any other party regarding or related to this Agreement or the implications thereof.

**5.** <u>**Additional Clauses:**</u>

a.    This Agreement is the product of negotiation among the Parties and shall not be construed against any party as draftsman.

4

b.      This Agreement may not be amended, modified or waived, except by a writing signed by all Parties hereto.  Waiver by any of the parties hereto of any breach hereunder by any other party shall not operate as a waiver of any other breach, whether similar to or different from the breach waived. No delay on the part of any of the parties in the exercise of any of their respective rights or remedies shall operate as a waiver thereof, and no single or partial exercise by any of the parties of any such right or remedy shall preclude other or further exercise thereof.

c.      This Agreement will be binding on and will inure to the benefit of the Parties and their respective agents, servants, employees, insurers, predecessors, successors, assigns, heirs and/or administrators, and any and all related, affiliated and subsidiary entities.

d.      This Agreement will be interpreted and otherwise governed under the laws of the State of New York.

e.      Should any provision of this Agreement be held invalid, illegal or unenforceable, it shall be deemed to be modified so that its purpose can lawfully be effectuated and the balance of this Agreement shall remain in full force and effect.

f.      The Parties hereby acknowledge and consent to the power and continuing jurisdiction of the United States District Court for the Eastern District of New York to enforce the terms of this Agreement.

6. **Notices**:

Any notice under this Agreement shall be sent by email.  If to Defendants, such notice shall be sent to Brett Gallaway, Esq., McLaughlin & Stern, LLP**,** email addresses: bgallaway@mclaughlinstern.com.  If to Plaintiff, such notice shall be sent to Michael Taubenfeld,

Esq., Fisher Taubenfeld LLP, email address: michael@fishertaubenfeld.com.  A party may change

its address or email address for notices by providing notice to such effect in accordance with this

Paragraph.

7. **Counterparts**:

This Agreement is effective when it has been fully-executed by all Parties.

Electronic and facsimile signatures, including through DocuSign, shall be deemed as

originals. This Agreement may be executed in any number of counterparts, each of which

shall be deemed an original and which together shall constitute one and the same document.

**THE UNDERSIGNED HAVE READ THE FOREGOING
SETTLEMENT AGREEMENT AND GENERAL RELEASE,
FULLY UNDERSTAND IT AND VOLUTARILY AGREE TO
IT**

Dated: ___3/31/2022___           By:_____
                                                    NATHALIE JOHANA CONTERAS

                                                    KARIZMA LOUNGE CORP.

Dated:_____           By_____
                                                    MOHAMMED BASHIR


Dated: _____           By:_____
                                                    MOHAMMED BASHIR

Esq., Fisher Taubenfeld LLP, email address: michael@fishertaubenfeld.com. A party may change
its address or email address for notices by providing notice to such effect in accordance with this
Paragraph.

### 7. **Counterparts**:

This Agreement is effective when it has been fully-executed by all Parties.
Electronic and facsimile signatures, including through DocuSign, shall be deemed as
originals. This Agreement may be executed in any number of counterparts, each of which
shall be deemed an original and which together shall constitute one and the same document.

> **THE UNDERSIGNED HAVE READ THE FOREGOING
> SETTLEMENT AGREEMENT AND GENERAL RELEASE,
> FULLY UNDERSTAND IT AND VOLUTARILY AGREE TO
> IT**

Dated: _____     By:_____

                                     NATHALIE JOHANA CONTERAS

                                  KARIZMA LOUNGE CORP.

Dated: 3 | 30 | 2.22     By M. BM
                                  MOHAMMED BASHIR

Dated: 3 | 30 | 2.22     By: M. BM
                                  MOHAMMED BASHIR

DocuSign Envelope ID: 1562B725-09A2-4E83-925E-F311D1BE1E11

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHALIE JOHANA CONTERAS,
individually and on behalf of others similarly
situated,

          Plaintiff,

     -against-

KARIZMA LOUNGE CORP., and
MOHAMMED BASHIR,

          Defendants.

Case No.: 20-CV-5167 (ER)

**STIPULATION AND ORDER OF DISMISSAL**

      **IT IS HEREBY STIPULATED** by and between Plaintiff and Defendants**,** that the above-captioned action is hereby dismissed with prejudice pursuant to a settlement agreement.

      **IT IS FURTHER STIPULATED AND AGREED** that the United State District Court for the Southern District of New York, shall retain jurisdiction for purposes of enforcing the parties' settlement agreement attached to the parties' settlement agreement dated March _25_, 2022.

      **IT IS FURTHER STIPULATED AND AGREED** that the Settlement Agreement submitted to the Court on March _25_, 2022 is fair and reasonable.

**FISHER TAUBENFELD LLP**

By: *Michael Taubenfeld*
    Michael Taubenfeld, Esq.
    225 Broadway, Suite 1700
    New York, New York 10007
    *Attorneys for Plaintiff*

**McLAUGHLIN & STERN, LLP**

By:
    Brett Gallaway, Esq.
    260 Madison Avenue
    New York, New York 10016
    *Attorneys for Defendants*

SO ORDERED:

_____
Hon. Edgardo Ramos, U.S.D.J.

7

**EXHIBIT 3**

| First name | Last name | Date | Day | In | Out | Hours | Job |
|---|---|---|---|---|---|---|---|
| **Heras** | | | | | | | |
| Raquel | Heras | 05/29/2019 | Wed | | | 1.50 | Contreras, Nathalie › Raquel Heras |
| **NOTES:** Draft of Complaint | | | | | | | |
| Raquel | Heras | 05/30/2019 | Thu | | | 2.00 | Contreras, Nathalie › Raquel Heras |
| **NOTES:** Telco with Nathalie to continue writing the Complaint | | | | | | | |
| Raquel | Heras | 06/05/2019 | Wed | | | 1.00 | Contreras, Nathalie › Raquel Heras |
| **NOTES:** Continued edit of Complaint | | | | | | | |
| Raquel | Heras | 06/06/2019 | Thu | | | 1.00 | Contreras, Nathalie › Raquel Heras |
| **NOTES:** Final Edit of Complaint | | | | | | | |
| **Taubenfeld** | | | | | | | |
| Michael | Taubenfeld | 12/19/2018 | Wed | | | 0.40 | Contreras, Nathalie › Michael Taubenfeld |
| **NOTES:** Telco w/ client to discuss her case | | | | | | | |
| Michael | Taubenfeld | 07/06/2020 | Mon | | | 0.70 | Contreras, Nathalie › Michael Taubenfeld |
| **NOTES:** Finalize Complaint, Summons, and Civil Cover Sheet and file | | | | | | | |
| Michael | Taubenfeld | 02/17/2021 | Wed | | | 0.30 | Contreras, Nathalie › Michael Taubenfeld |
| **NOTES:** Telco w/ Nathalie to discuss the upcoming mediation | | | | | | | |
| Michael | Taubenfeld | 02/21/2021 | Sun | | | 2.70 | Contreras, Nathalie › Michael Taubenfeld |
| **NOTES:** Draft mediation statement and prepare wage damages calculations | | | | | | | |
| Michael | Taubenfeld | 02/22/2021 | Mon | | | 0.50 | Contreras, Nathalie › Michael Taubenfeld |
| **NOTES:** Review documents provided by Plaintiff | | | | | | | |
| Michael | Taubenfeld | 02/23/2021 | Tue | | | 0.20 | Contreras, Nathalie › Michael Taubenfeld |
| **NOTES:** Email correspondence w/ opposing counsel re: settlement | | | | | | | |
| Michael | Taubenfeld | 02/23/2021 | Tue | | | 0.50 | Contreras, Nathalie › Michael Taubenfeld |
| **NOTES:** Telcos w/ Plaintiff to discuss mediation | | | | | | | |
| Michael | Taubenfeld | 02/23/2021 | Tue | | | 1.40 | Contreras, Nathalie › Michael Taubenfeld |
| **NOTES:** Finalize calculations and send, along with settlement demand, to opposing counsel | | | | | | | |
| Michael | Taubenfeld | 02/24/2021 | Wed | | | 0.10 | Contreras, Nathalie › Michael Taubenfeld |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | NOTES: Attend mediation |
| Michael | Taubenfeld | 02/24/2021 | Wed | | 0.20 | Contreras, Nathalie › Michael Taubenfeld |
| NOTES: Telco w/ Plaintiff to discuss mediation | | | | | | |
| Michael | Taubenfeld | 02/24/2021 | Wed | | 0.30 | Contreras, Nathalie › Michael Taubenfeld |
| NOTES: Telco w/ opposing counsel to discuss Defendants' position | | | | | | |
| Michael | Taubenfeld | 02/24/2021 | Wed | | 3.50 | Contreras, Nathalie › Michael Taubenfeld |
| NOTES: Attend mediation | | | | | | |
| Michael | Taubenfeld | 05/12/2021 | Wed | | 0.30 | Contreras, Nathalie › Michael Taubenfeld |
| NOTES: Draft letter to Judge Ramos requesting adjournment of conference | | | | | | |
| Michael | Taubenfeld | 05/25/2021 | Tue | | 0.10 | Contreras, Nathalie › Michael Taubenfeld |
| NOTES: Attend initial conference | | | | | | |
| Michael | Taubenfeld | 05/25/2021 | Tue | | 0.20 | Contreras, Nathalie › Michael Taubenfeld |
| NOTES: Review file and prepare for initial conference | | | | | | |
| Michael | Taubenfeld | 06/25/2021 | Fri | | 1.90 | Contreras, Nathalie › Michael Taubenfeld |
| NOTES: Draft Interrogatories and Document Requests | | | | | | |
| Michael | Taubenfeld | 06/27/2021 | Sun | | 2.50 | Contreras, Nathalie › Michael Taubenfeld |
| NOTES: Draft Interrogatories and Document Requests and Rule 26 Disclosures | | | | | | |
| Michael | Taubenfeld | 07/07/2021 | Wed | | 0.30 | Contreras, Nathalie › Michael Taubenfeld |
| NOTES: Draft Rule 26 Disclosures | | | | | | |
| Michael | Taubenfeld | 12/28/2021 | Tue | | 0.50 | Contreras, Nathalie › Michael Taubenfeld |
| NOTES: Telco w/ opposing counsel re: settlement | | | | | | |
| Michael | Taubenfeld | 12/30/2021 | Thu | | 0.20 | Contreras, Nathalie › Michael Taubenfeld |
| NOTES: Telco w/ Plaintiff re: settlement | | | | | | |
| Michael | Taubenfeld | 01/31/2022 | Mon | | 0.20 | Contreras, Nathalie › Michael Taubenfeld |
| NOTES: Telco w/ opposing counsel re: settlement | | | | | | |
| Michael | Taubenfeld | 01/31/2022 | Mon | | 0.30 | Contreras, Nathalie › Michael Taubenfeld |
| NOTES: Draft letter to the Court requesting an extension of time to complete discovery | | | | | | |
| Michael | Taubenfeld | 03/04/2022 | Fri | | 0.20 | Contreras, Nathalie › Michael Taubenfeld |

**NOTES:** Telco w/ opposing counsel re: settlement

| Michael | Taubenfeld | 03/04/2022 | Fri | 0.20 | Contreras, Nathalie › Michael Taubenfeld |
|---------|------------|------------|-----|------|------------------------------------------|

**NOTES:** Telco w/ Plaintiff to discuss settlement

| Michael | Taubenfeld | 03/14/2022 | Mon | 0.20 | Contreras, Nathalie › Michael Taubenfeld |
|---------|------------|------------|-----|------|------------------------------------------|

**NOTES:** Telco w/ Plaintiff to discuss next steps

| Michael | Taubenfeld | 03/17/2022 | Thu | 1.10 | Contreras, Nathalie › Michael Taubenfeld |
|---------|------------|------------|-----|------|------------------------------------------|

**NOTES:** Draft settlement agreement

| Michael | Taubenfeld | 03/18/2022 | Fri | 1.20 | Contreras, Nathalie › Michael Taubenfeld |
|---------|------------|------------|-----|------|------------------------------------------|

**NOTES:** Draft Cheeks letter