UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATHALIE JOHANA CONTRERAS, *on behalf of herself and on behalf of all others similarly situated*,

           Plaintiff,

– against –

KARIZMA LOUNGE CORP., *and* MOHAMMED BASHIR,

           Defendants.

**OPINION & ORDER**

20-cv-5167 (ER)

---

RAMOS, D.J.:

    Nathalie Johana Contreras brought this action against defendants Karizma Lounge Corp. and Mohammed Bashir ("Defendants") on July 6, 2020. Doc. 1. She alleged violations of the Fair Labor Standards Act ("FLSA"), various provisions of the New York Labor Law ("NYLL"), and the New York City Rules and Regulations ("NYCRR"). *Id.* ¶¶ 22–26. Contreras claimed that Defendants failed to pay her the lawful minimum wage, overtime compensation, spread of hours compensation, and tips, and she also alleged that Defendants discriminated against her on the basis of her gender. *Id.* ¶¶ 79–113. Before the Court is the parties' motion for the approval of their settlement agreement. Doc. 25. For the following reasons, the motion for settlement approval is GRANTED.

I.    **LEGAL STANDARD**

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015)

(citation omitted). In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.   DISCUSSION

### A.  Range of Recovery

The proposed settlement agreement provides a total recovery of $35,000. Doc. 25 at 2. Pursuant to the agreement, Contreras' counsel will receive approximately one third of the total settlement amount, namely, $12,043.33, for attorneys' fees and costs. *Id.* After attorneys' fees and costs, Contreras will receive $22,956.67. *Id.*

Contreras estimates that her maximum recovery would be approximately $136,955. *Id.* She specifically estimates that she is entitled to recover a total of $63,477.50 in unpaid overtime, minimum wage, and spread-of-hours damages, along with an equal sum in liquidated damages, and $10,000 for notice and recordkeeping violations. *Id.* Thus, the settlement does not constitute full payment of all of Contreras' claims. Rather, it represents approximately 25% of her total possible recovery.

In the instant case, the proposed amount is fair and reasonable. *See Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). There is value to Contreras receiving a settlement without experiencing the risks and delays inherent in litigation. Notably, in the parties' submissions to the Court, they state that "during settlement discussions, Defendants credibly advised Plaintiff that they suffered significant financial distress" due to the COVID-19 pandemic. Doc. 25 at 2. The parties reached a settlement in principle after "Defendants provided financial records showing reduced revenue and substantial debts." *Id.*

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.*, No. 19 Civ. 1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted). Considering the aforementioned uncertainties and the risks of litigation, the settlement resolves *bona fide* disputes and reflects a reasonable compromise that fairly compensates Contreras. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues") (citation omitted). Finally, this settlement resulted from arm's length negotiations wherein the parties were represented by experienced labor and employment attorneys. Doc. 25 at 3. Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorneys' Fees & Costs

The Court further concludes that the proposed attorneys' fees and costs are reasonable. Contreras' counsel will receive $12,043.33 in attorneys' fees and costs, which is approximately one third of the settlement. *Id.* at 2. This is a reasonable

3

percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Contreras' counsel has submitted billing records for one attorney and one paralegal in this case: Michael Taubenfeld, an attorney and partner at Fisher Taubenfeld LLP, who bills at a rate of $500 per hour; and (2) Raquel Heras, a Spanish-speaking paralegal who bills at a rate of $100 per hour. Doc. 25 at 3.

As to Taubenfeld, the Court finds that the hourly rate of $500 is reasonable. *See, e.g.*, *Bin Gao v. Jian Song Shi*, No. 18 Civ. 2708 (ARR), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (noting that several 2021 decisions pursuant to *Cheeks v. Freeport Pancake House, Inc.*, approved hourly rates of $300 to $450 for partners); *Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although an hourly rate of $450 for partners is "somewhat higher than the presumptively reasonable rates in this District [in 2017], [it is] not beyond the pale"). Taubenfeld's hourly rate is commensurate with other similarly-experienced partners in the field.

Regarding the paralegal that worked on this matter, "[h]ourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citation omitted) (holding that the requested hourly rate of $100 was reasonable); *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20 Civ. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving

4

proposed hourly rate of $125). Therefore, Heras' hourly rate of $100 is reasonable. *See* Doc. 25 at 3.

Contreras' total lodestar in this case thus is $10,650.00. Doc. 26 at 4. The records submitted show that Taubenfeld spent 20.2 hours on the case at an hourly rate of $500, resulting in a lodestar of $10,100. *Id.* Heras spent 5.5 hours on the case at an hourly rate of $100, resulting in a lodestar of $550. *Id.*

Contreras' counsel seeks a total of $12,043.33 in attorneys' fees and costs, $11,478.33 of which represent attorneys' fees. *Id.* at 2–3. The lodestar of $10,650, compared to the requested $11,478.33 of the settlement (net of costs), results in a lodestar multiplier (net of costs) of approximately 1.08. *See id.* Courts in this District have made clear that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 1.08 and determines that the $12,043.33 in attorneys' fees and costs is reasonable under the circumstances.

### C. Other Provisions

The Court finds all other provisions of the settlement agreement to be fair and reasonable, as it includes no objectionable release, non-disparagement, or confidentiality provisions. *See* Doc. 25 at 8–13; *see also Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). With respect to Contreras' obligations under the agreement, the release appropriately discharges only claims pursuant to Contreras' wage-and-hour allegations, including her claims under the FLSA, NYLL, and "any other claims asserted in the Action." Doc. 25 at 11; *see Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including

unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). The agreement contains no confidentiality or non-disparagement provisions. *See generally* Doc. 25 at 8–13; *see also id.* at 3.

For all the reasons stated herein, the Court approves the parties' settlement agreement.

### III. CONCLUSION

The Court concludes that the proposed settlement agreement is fair and reasonable and approves the agreement. The Clerk of Court is respectfully directed to terminate the motion, Doc. 25, and close the case.

It is SO ORDERED.

Dated:   May 8, 2023
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.